IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABMA
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:23-cv-223-RAH-JTA |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Amended Complaint[1] (Doc. No. 9) filed by *pro se* Plaintiff Lonnie Johnson, who is proceeding *in forma pauperis* (Doc. No. 7). This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 5.)

For the reasons stated herein, the undersigned recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 19, 2023, Plaintiff filed a Complaint against Defendant Internal Revenue Service, stating one solitary factual allegation: "I'm getting a rash." (Doc. No. 1 at 2.) Other than Plaintiff's contact information, the parties' names, a date, and the Plaintiff's signature, the Complaint is devoid of any other information.

[1] The undersigned liberally construes the document Plaintiff filed on June 9, 2023, as an Amended Complaint (Doc. No. 9) because it is the only document he has filed in response to the court's Order to file an amended complaint by June 20, 2023 (Doc. No. 8).

On June 5, 2023, the undersigned issued an Order stating:

> Among other things, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While it is short and plain, Plaintiff's lone factual allegation that he is in the process of coming down with a rash does not indicate that he is entitled to relief from Defendant. Notably, Plaintiff does not provide any facts regarding what Defendant allegedly did to cause or exacerbate Plaintiff's burgeoning rash, or where or when. Nor does Plaintiff provide any indication that his rash was proximately caused by any action of Defendant that would give rise to a cognizable legal claim. *Neither does the Complaint contain "a short and plain statement of the grounds for the court's jurisdiction"* or "a demand for the relief sought." Fed. R. Civ. P. 8[a](1), (3).

(Doc. No. 8 at 6) (emphasis added, footnote omitted). The undersigned ordered Plaintiff to file an Amended Complaint that complies with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10. (*Id*. at 7-8.)

On June 9, 2023, Plaintiff filed his Amended Complaint, consisting of one page and alleging the following:

> p1 yes on my way to do this for the judge if you can't fix the problem washing the DC [sic]
>
> p2 I'm sure washington DC to fix the problem [sic]
>
> p3 an alarm if don't hear from you in 20 days
> I'll just take it up to washington dc [sic]

(Doc. No. 9.) Plaintiff also complains that he has "been waiting long to see what the decision is" and provides a telephone number. (*Id.*)

## II. STANDARD OF REVIEW

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*,

168 F.3d 405, 410 (11th Cir. 1999). If a district court determines that it lacks subject matter jurisdiction, it must dismiss the case. *See, e.g., Hakki v. Dep't of Veterans Affairs*, 7 F.4th 1012, 1023 (11th Cir. 2021) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021)); *Univ. of S. Ala.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). The court has an affirmative duty to "zealously [e]nsure that jurisdiction exists over a case," and this inquiry should be undertaken at the earliest possible stage in the proceedings. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Univ. of S. Ala.*, 168 F.3d at 410.

The court must consider a plaintiff's *pro se* status when evaluating a complaint. The Supreme Court has declared, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Indeed, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," the court will normally grant the plaintiff leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny leave to replead when doing so would be futile. *See id.* at 182.

## III. DISCUSSION

Federal district courts exercise limited jurisdiction. *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). For a district court to adjudicate a claim it must have diversity or federal question subject matter jurisdiction, or it must act pursuant to a specific statutory grant of jurisdiction. *Id.* (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Diversity jurisdiction requires the case to "be between 'citizens of different states'" and the amount in controversy must exceed $75,000.00. *Thermoset Corp.*, 849 F.3d at 1317 (quoting 28 U.S.C. § 1332(a)(1)); 28 U.S.C. § 1332(a). Federal question jurisdiction exists where a claim "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff has the burden of establishing federal subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

The Court lacks subject matter jurisdiction over Plaintiff's claim. Diversity jurisdiction does not exist because Defendant is not a citizen of a state; Defendant is "an agency of the United States[.]" *Galvez v. I.R.S.*, 448 F. App'x 880, 884 (11th Cir. 2011).

As to federal question jurisdiction, "a claim arises under federal law when the face of the complaint presents a federal question." *Makozy v. Zimmerer*, 850 F. App'x 722, 724

(11th Cir. 2021) (citing *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)). *See also Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)) ("Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint."). Here, Plaintiff's Amended Complaint does not present a federal question nor contain any facts to establish the presence of a federal question.

Further, it is well-settled that the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586 (1941). A court may only hear claims against the federal government that Congress has expressly permitted. *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (citing *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,* 224 F.3d 1260, 1263 (11th Cir. 2000) (citation omitted). "The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity." *Galvez*, 448 F. App'x at 884 (citation omitted). A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34 (1992) (citation omitted). "[T]he plaintiff bears the burden of establishing subject matter jurisdiction . . . and, thus, must prove an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (citations omitted). Here again, Plaintiff

has not carried his burden. He has not alleged an explicit waiver of sovereign immunity nor alleged any facts that would support a waiver. Because Plaintiff has not shown a waiver of the United States' sovereign immunity, the Court lacks subject matter jurisdiction over his claim.

As to amendment, Plaintiff was provided fair notice of the defects contained within his Complaint and was provided a meaningful opportunity to remedy the defects identified by the court. Because Plaintiff failed to amend his Complaint to state grounds for the court's jurisdiction, as required under Fed. R. Civ. P. 8(a)(1), the undersigned finds that affording Plaintiff another opportunity is not warranted.

Consequently, this case should be dismissed without prejudice for lack of subject matter jurisdiction. *Kennedy*, 998 F.3d at 1235 ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (quoting *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for lack of subject matter jurisdiction.

It is further ORDERED that on or before **July 18, 2023**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a de novo determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error, if necessary, in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of July, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE